UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                CASE NO. 2:97-mj-80073

    v.                           MAGISTRATE JUDGE PAUL KOMIVES

LAWRENCE KEMP TENNILLE,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

I.    <u>RECOMMENDATION</u>: The Court should deny defendant's pending motions for production of documents (docket #15), for summary judgment (docket #19), for order to forward documents (docket #23), and for hearing to take judicial notice (docket #24).  The Court should also deny as moot defendant's motion for status report (docket #18).

II.    <u>REPORT</u>:

A.    *Procedural Background*

       Defendant Lawrence Kemp Tennille is a federal prisoner currently confined at the Federal Correctional Institution–McKean in Lewis Run, Pennsylvania.  On July 2, 1996, a federal grand jury in the United States District Court for the Eastern District of Kentucky returned an indictment charging defendant with conspiring to possess in excess of 50 grams of a mixture containing cocaine, 21 U.S.C. §§ 841, 846.  A bench warrant was issued by the same Court for petitioner's arrest.  On January 24, 1997, defendant was arrested in this District on the Kentucky warrant.  The

government filed a petition for removal hearing pursuant to FED. R. CRIM. P. 40 on the same day.[1]

On that date, defendant appeared before Magistrate Judge Lynn V. Hooe, Jr., who ordered that

defendant be detained.  On January 27, 1997, I conducted a detention hearing and again ordered

defendant detained.  On the same date, defendant signed a waiver of the Rule 40 transfer hearing,

and I ordered that he be committed to the Eastern District of Kentucky to appear on the indictment.

On May 22, 1997, defendant was convicted in the Eastern District of Kentucky following a jury trial.

On September 12, 1997, that court sentenced defendant to a term of life imprisonment.  The Sixth

Circuit subsequently affirmed petitioner's conviction and sentence.  *See United States v. Tennille*,

No. 97-6245, 2000 WL 191725 (6th Cir. Feb. 3, 2000).

Defendant subsequently filed a petition for the writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 in the Eastern District of Kentucky, challenging his arrest in Michigan and subsequent

transfer to Kentucky.  That petition was denied by the trial court on the merits, and the Sixth Circuit

affirmed.  *See Tennille v. Davis*, 73 Fed. Appx. 136 (6th Cir. 2002).  The Supreme Court denied

defendant's petition for a writ of *certiorari*.  *See Tennille v. Davis*, 540 U.S. 1157 (2004).  Defendant

---

[1]At the time of petitioner's arrest, Rule 40 provided, in relevant part:

> If a person is arrested in a district other than that in which the offense is alleged to have been committed, that person shall be taken without unnecessary delay before the nearest available magistrate judge, in accordance with the provisions of Rule 5. Preliminary proceedings concerning the defendant shall be conducted in accordance with Rules 5 and 5.1, except that if no preliminary examination is held because an indictment has been returned . . . the person shall be held to answer upon a finding that such person is the person named in the indictment, information, or warrant.  If held to answer, the defendant shall be held to answer in district court in which the prosecution is pending . . . upon production of the warrant or a certified copy thereof. . . .

FED. R.CRIM. P. 40, 18 U.S.C. App. (2000 ed).  In 2002, Rule 40 was substantially amended.  Rule 40 now governs only arrests in a different district based on a defendant's failure to appear or for violating a term of supervised release.  The remainder of the old Rule 40 governing arrest on an indictment or warrant issued by another district is now codified in Rule 5.  *See* FED. R. CRIM. P. 5(c).  Throughout this Report I use "Rule 40" to refer to the rule as it existed at the time of petitioner's arrest and transfer.

has also filed motions to vacate his conviction pursuant to 28 U.S.C. § 2255 and a motion to reduce his sentence.  Each of these motions have been denied by the trial court.

The matter is currently before the Court on various motions filed by defendant, all of which essentially challenge his initial arrest in this District and transfer to the Eastern District of Kentucky. On September 8, 2008, defendant filed a nunc pro tunc motion for production of documents. Defendant, relying on the current version of Rule 40, contends that there is no evidence that he was ever arrested in Kentucky and failed to appear, and thus that his transfer was inappropriate. Defendant seeks an order requiring the government to produce any documentation it has establishing that he was arrested in Kentucky prior to being arrested in Michigan.  Defendant has also filed motions for summary judgment, to forward documents, and for judicial notice, all related to the claim made in his initial motion for production of documents.  The government has filed responses to defendant's motions for production of documents and for summary judgment.  For the reasons that follow, the Court should deny all of defendant's pending motions.

B.    *Magistrate Judge Jurisdiction*

In a criminal case, a magistrate judge may exercise the powers set forth in 28 U.S.C. § 636(a), and may hear and determine any pretrial matter except for a motion to suppress evidence, *see* 28 U.S.C. § 636(b)(1)(A).  The motions filed by defendant do not fall within § 636(a).  Nor do they constitute pretrial matters, as defendant has already been convicted and sentenced.  Thus, the pending motions are in the nature of motions for postconviction relief, and as such my authority is limited to issuing a report and recommended disposition for consideration by a District Judge.  *See* 28 U.S.C. § 636(b)(1)(B).  Because this Court's sole involvement in the case up to this point was a Rule 40 proceeding within the authority of a magistrate judge, no District Judge has been assigned

to the case.  I have accordingly directed the Clerk to randomly assign the case to a District Judge, and I respectfully submit this Report for consideration by the District Judge assigned by the Clerk.

C.      *Analysis*

All of defendant's motions relate to his underlying substantive claim that he was improperly arrested in this District and transferred to the Eastern District of Kentucky.  For a number of reasons, this underlying substantive claim is not properly before this Court, and thus defendant's pending motions should be denied.

First, this Court lacks jurisdiction to consider the underlying substantive claim, and thus to require production of documents to support the claim or to grant summary judgment on the claim. Defendant has identified no procedural or jurisdictional vehicle which places this matter before this Court.  Rule 40 provides no basis for jurisdiction.  Under Rule 40 as it existed at the time of defendant's arrest, because defendant had been indicted this Court's jurisdiction was limited solely to determining that defendant was the person named in the indictment.  *See United States v. Green*, 499 F.2d 538, 540-41 (D.C. Cir. 1974) ("[O]nce a certified copy of the indictment is produced at a removal hearing, the only issue remaining litigable is the identity of the arrestee as the indictee.  The clear mandate of Rule 40 sharply limits the function and authority of the magistrate, and by the same token the jurisdiction of the district court for the transferor district.").  Nothing in Rule 40, or in any other rule, statute, or judicial decision, suggests that the transferor court retains any jurisdiction over any aspect of the case once the defendant has been transferred to the district in which the indictment is pending.

Nor can this Court exercise jurisdiction by construing defendant's challenge as a habeas corpus petition under 28 U.S.C. § 2241 or as a motion to vacate sentence under 28 U.S.C. § 2255.

Jurisdiction over a habeas corpus petition under § 2241 exists in the district of the prisoner's confinement, *see Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004), in this case Pennsylvania.  By its terms, § 2255 requires a defendant to "move the court which imposed the sentence to vacate, set aside, or correct the sentence."  28 U.S.C. § 2255(a); *see also*, *id.* § 2255(e).  Because defendant is not incarcerated in this district and was not sentenced by this Court, he may not proceed here under § 2241 or § 2255.

Further, even if defendant's claim were properly before this Court, the underlying challenge to his transfer is without merit for a number of reasons, and thus he is not entitled to production of documents to support his claim, to summary judgment, or to judicial notice of facts to support his claim.  Defendant's underlying claim is that he was never arrested in Kentucky, and thus was not a fugitive who had "failed to appear," the only class of arrestees apart from supervised release violators whose transfer is now governed by Rule 40.  However, at the time of defendant's arrest and transfer, Rule 40 covered not only fugitives and supervised release violators, but also those arrested on a warrant or indictment filed in another district regardless of whether they had previously been ordered to appear.  *See supra* note 1 (text of prior version of Rule 40).  And in any event, the procedures employed here, while no longer codified in Rule 40, are still applicable to initial arrestees by virtue of their recodification in Rule 5.  *See* Fed. R. Crim. P. 5(c)(3).

Further, even if defendant's transfer violated the transfer provisions of the Federal Rules of Criminal Procedure, this would not call into question the validity of his conviction and sentence. it is an "established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)).  In *Frisbie*, the Court applied this rule to reject a claim that the

defendant's conviction was void by the fact that he was forcibly abducted from one state to another to secure his presence for trial. The Court explained that "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' . . . [D]ue process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." *Frisbie*, 342 U.S. at 522. Under *Ker* and *Frisbie*, "the manner by which a defendant is brought to trial does not affect the government's ability to try him." *United States v. Matta-Ballesteros*, 71 F.3d 754, 762 (9th Cir. 1995). In light of both the *Ker-Frisbie* rule and the more general rule that illegal arrest or detention does not void a subsequent conviction, "[a]lleged violations of the provisions of Rule 40 will not nullify the subsequent proceedings." *United States v. Woodring*, 446 F.2d 733, 737-38 (10th Cir. 1971); *see also*, *Evans v. United States*, 325 F.2d 596, 600-03 (8th Cir. 1963); *cf. Danzy v. Johnson*, 417 F. Supp. 426, 431 (E.D. Pa. 1976) ("The judgment of the state which has achieved the requisite custody of the accused to try him is not destroyed by unlawful extradition; a subsequent conviction and sentence is accordingly immune from attack on that basis."), *aff'd*, 582 F.2d 1273 (3d Cir. 1978). In short, even if there was an error in this Court's transfer of defendant to the Eastern District of Kentucky, such an error does not call into question the validity of defendant's conviction or afford him any basis for relief from his conviction and sentence.

Finally, defendant has already raised this claim in the Sixth Circuit, which has rejected it. In his prior § 2241 habeas petition defendant alleged, as he does here, "that his pretrial arrest in

6

Michigan and his subsequent extradition to Kentucky were improper." *Tennille*, 73 Fed. Appx. at 137. After examining the procedures employed and the relevant rules and statutes, the Sixth Circuit rejected defendant's claim, concluding that defendant "was properly arrested and he received all of the rights contemplated under the federal criminal rules before his transfer to the Eastern District of Kentucky for trial." *Id.*

D.    *Conclusion*

For these reasons, the Court should conclude that defendant's underlying claim that his transfer was improper is not properly before this Court, and even if it were it is without merit. This conclusion renders irrelevant both the documents defendant seeks and the matters of which he asks the Court to take judicial notice. Accordingly, the Court deny defendant's pending motions production of documents, for summary judgment, for order to forward documents, and for hearing to take judicial notice (docket #15, 19, and 23-24). In light of this Report addressing defendant's motions, the Court should also deny as moot defendant's pending motion for status report (docket #18).

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives

PAUL J. KOMIVES

UNITED STATES MAGISTRATE JUDGE

Dated: 4/11/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on April 11, 2011.

s/Eddrey Butts

Case Manager